## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**KEVIN HENRY, on his own behalf
and on behalf of those similarly
situated,**

          **Plaintiff(s)**                    **CASE NO.:**

**vs.**

**SUNRISE SENIOR LIVING, INC.
D/B/A SUNRISE SENIOR LIVING
SERVICES, INC.,**

                                     **August 10, 202**

          **Defendant**

### COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

The Plaintiff, KEVIN HENRY, on his own behalf and on behalf of those similarly situated (hereinafter referred as "Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, SUNRISE SENIOR LIVING, INC. doing business as SUNRISE SENIOR LIVING SERVICES, INC., (hereinafter referred as "Defendant"), pursuant to 29 U.S.C. § 216(b) for unpaid overtime in violation of 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(2). Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201; and allege as follows:

1.      Plaintiff was an employee of Defendant, and brings this action for unpaid overtime compensation, declaratory relief, unpaid wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.      Plaintiff was an hourly paid employee, from March 17, 2007 through February, 2011, working as a "maintenance coordinator" at Defendant's property within the last three (3) years for Defendant in Fairfield County, Connecticut.

3.      Defendant is a Delaware Corporation that operates and conducts business in, among others, Fairfield County, Connecticut and is therefore, within the jurisdiction of this Court.

4.      This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every "maintenance coordinator" who worked for the Defendant, at any time within the past three (3) years.

5.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

6.      At all material times relevant to this action (2009-2012), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

7.      At all material times relevant to this action (2009-2012), Defendant made gross earnings of at least $500,000 annually.

8.      At all material times relevant to this action (2009-2012), Defendant had two (2) or more employees engaged in interstate commerce by handling, selling or otherwise working on goods or materials that have been moved or produced for such commerce. (i.e. Defendant provides services throughout United States, Canada and United Kingdom).

9.     At all material times relevant to this action (2009-2012), Defendant routinely ordered materials or supplies from out of state vendors, or sell to out of state customers. Defendant also ordered, loaded, or used supplies from out of state. (i.e. nursing home products and equipment).

10.     At all material times relevant to this action (2009-2012), Defendant has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks. (i.e. Defendant accepts several different payment methods, including all major credit cards).

11.     Defendant or its employees have also used the telephone or computers to place and accept business calls or take service orders. (i.e. Website: sunriseseniorliving.com and Telephone: (703) 273-7500).

12.     Defendant agreed to pay Plaintiff, and those similarly situated to him, wages for work performed. Plaintiff accepted this agreement and did work for Defendant.

13.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209 because Plaintiff, and those similarly situated to him, performed services for Defendant for which no provisions were made by Defendant to properly pay for those hours worked in excess of forty (40) within a work week.

14.     During his/their employment with Defendant, Plaintiff, and those similarly situated to him, were not paid time and one-half his/their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks, but instead flat fee without regard to hours worked.

15.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated to him, are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

16.    Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-15 above.

17.    Plaintiff, and those similarly situated to him, is/are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work

18.    During his/their employment with Defendant, Plaintiff, and those similarly situated to him, worked overtime hours but was/were not paid time and one-half compensation for the same.

19.    Defendant's violations were willful in that they failed to keep accurate time records as required by the FLSA.

20.    Defendant's violations were willful in that they refused to post notice of applicable FLSA laws as required by the FLSA.

21.    As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one-half his/their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated to him, has/have suffered damages plus incurring reasonable attorneys' fees and costs.

22.    As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

23.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him/them for which Defendant did not properly compensate him/them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate. If liquidated damages are not awarded then prejudgment interest.

## COUNT II – DECLARATORY RELIEF

24.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above.

25.     Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, 5which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

26.     The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act.  28 U.S.C. §§ 2201-2202.

27.     Plaintiff may obtain declaratory relief.

28.     Defendant employed Plaintiff.

29.     Defendant is an enterprise.

30.     Plaintiff was individually covered by the FLSA.

31.     Defendant failed to pay Plaintiff for all hours worked.

32.     Plaintiff is entitled to overtime pursuant to 29 U.S.C. § 207(a)(1).

33.     Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

34.     Defendant did not rely upon a good faith defense.

35.     Plaintiff is entitled to an equal amount of liquidated damages.

36.     It is in the public interest to have these declarations of rights recorded.

37.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

38.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

39.     Plaintiff demands trial by jury.

Wherefore, Plaintiff demands a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked hours over forty in a workweek without receiving correct overtime pursuant to the FLSA, Defendant failed to keep accurate time records, Defendant had a legal duty to pay Plaintiff overtime pursuant to the FLSA, Defendant failed to prove a good faith defense, Plaintiff is entitled to overtime, liquidated damages and reasonable attorneys' fees pursuant to the FLSA.

Dated this 10th day of August, 2012.

_____
Richard E. Hayber, Esquire
Fed. Bar No.: ct 1629
The Hayber Law Firm LLC.
221 Main Street, Suite 502
Hartford, CT 06106
Telephone: (860) 522-8888
Facsimile: (860) 218-9555
Email: rhayber@hayberlawfirm.com
Attorneys for Plaintiff