# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KEVIN HENRY**, on his own behalf and on behalf of those similarly situated,  :  :  : | |
| Plaintiff,  : | Civil Action No.: 3:12-cv-01171-AWT |
| :  : | |
| v.  : | |
| :  : | |
| **SUNRISE SENIOR LIVING, INC. D/B/A SUNRISE SENIOR LIVING SERVICES, INC.,**  :  :  :  : | DECEMBER 18, 2012 |
| Defendant.  : | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF CLAIMS WITH PREJUDICE

Plaintiff Kevin Henry and Defendant Sunrise Senior Living, Inc. d/b/a Sunrise Senior Living Services, Inc. ("Defendant"), file this Joint Motion for Approval of Settlement and Dismissal with Prejudice of Claims ("Motion").

## SETTLEMENT AND DISMISSAL OF CLAIMS

1. In this action, Plaintiff Kevin Henry, on behalf of himself and behalf of those similarly situated, alleges that Defendant failed to pay overtime and other wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(2).

2. The parties continue to dispute the amount of overtime wages and other relief due to Plaintiff (if any), and Defendant has denied and continues to deny each and every claim made by Plaintiff in the action. However, the parties desire to fully and finally resolve any and all disputes regarding any and all of Plaintiff Kevin Henry's individual claims in the action without the expense of further litigation.

3. In furtherance of the parties' mutual desire to resolve their dispute without further litigation between them, they have entered into a Settlement Agreement, Release and Waiver of

Wage Claims (the "Agreement").  The primary purpose of this Motion is to request the Court's approval of the Agreement in accordance with the requirements of the FLSA.

4. The FLSA places certain limits on a current or former employee's ability to waive claims for unpaid wages or overtime under 29 U.S.C. § 216.  See Barrentine v. Arkansas-Best Freight System, 450 U.S. 728 (1981); Brooklyn Savings Bank v. O'Neill, 324 U.S. 697, 706-07 (1945).  With two exceptions, employees may not waive FLSA claims for unpaid wages or overtime, for less than full statutory damages.  The two exceptions are for: (1) settlements supervised by the Secretary of Labor, and (2) judicially-approved stipulated settlements. Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 U.S. Dist. LEXIS 130357, *2 (E.D.N.Y. Nov. 10, 2011) (citing inter alia 29 U.S.C. § 216(c), and D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8, (1946)).

5. It has become well-settled that an employee may waive an FLSA claim for unpaid wages or overtime pursuant to a judicially-approved stipulated settlement.  See, e.g., Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352-53 (11th Cir. 1982); see also Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947); Jarrad v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947); Bracey v. Luray, 161 F.2d 128 (4th Cir. 1947); DeBraska v. City of Milwaukee, 11 F. Supp.2d 1020, 1026-27 (E.D. Wis. 1998).

6. The parties have exchanged informal discovery and have had numerous conversations regarding the merits of this lawsuit and the likelihood of class certification.

7. The parties represent to the Court that the Agreement they have agreed to: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of Plaintiff Kevin Henry's claims; and (c) demonstrates a good faith

intention by the parties that Plaintiff's claims for liability and damages be fully and finally resolved, and not relitigated in whole or in part at any point in the future.

      8.      The parties respectfully request that the proposed Order be entered by the Court.

WHEREFORE, the parties to this action respectfully request that the Court enter an Order:

      1.      Approving the settlement of the parties; and

      2.      Dismissing with prejudice the claims of Plaintiff Kevin Henry.

| THE HAYBER LAW FIRM, LLC | LITTLER MENDELSON, P.C. |
|---|---|
| By: /s/ Richard E. Hayber<br>    Richard E. Hayber (CT11629)<br>    The Hayber Law Firm, LLC<br>    221 Main Street, Suite 502<br>    Hartford, CT 06106<br>    Telephone: 860-522-8888<br>    Facsimile: 860-218-9555<br>    rhayber@hayberlawfirm.com | By: /s/ Lori B. Alexander<br>    Lori B. Alexander (CT08970)<br>    Littler Mendelson, P.C.<br>    One Century Tower<br>    265 Church Street, Suite 300<br>    New Haven, CT 06510<br>    Telephone: 203-974-8700<br>    Facsimile: 203-974-8799<br>    lalexander@littler.com<br><br>    Theresa M. Waugh (CT23559)<br>    Littler Mendelson, P.C. - FLA<br>    111 N. Magnolia Avenue Suite 1250<br>    Orlando, FL 32801<br>    Telephone:  407-393-2940<br>    Facsimile: 407-641-9462<br>    Email: twaugh@littler.com<br><br>    Thomas P. Murphy (pro hac vice)<br>    Ryan M. Bates (pro hac vice)<br>    Hunton & Williams, LLP<br>    1751 Pinnacle Drive, Suite 1700<br>    McLean, Virginia  22102<br>    Telephone:  (703) 714-7533<br>    Facsimile:  (703) 714-7410<br>    Email: tpmurphy@hunton.com<br>            rbates@hunton.com |

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KEVIN HENRY**, on his own behalf and on behalf of those similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>**SUNRISE SENIOR LIVING, INC. D/B/A SUNRISE SENIOR LIVING SERVICES, INC.**,<br><br>　　　　　Defendant. | :<br>:<br>:<br>:　Civil Action No.:  3:12-cv-01171-AWT<br>:<br>:<br>:<br>:　**STIPULATED ORDER**<br>:<br>:<br>:<br>: |

　　　　AND NOW, THIS ____ DAY OF _____, 2012, the Court having reviewed the pleadings in this case and considered applicable case law, and for good cause shown, it is **ORDERED**, **ADJUDGED** and **DECREED** that:

　　　　1.　　The settlement of the parties:  (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of Plaintiff Kevin Henry's individual claims; and (c) demonstrates a good faith intention by the parties that Plaintiff's claims for liability and damages be fully and finally resolved, and not relitigated in whole or in part at any point in the future.  The Agreement is therefore **APPROVED** by the Court.

　　　　2.　　This lawsuit and the claims of Plaintiff Kevin Henry are **DISMISSED WITH PREJUDICE** in their entirety.

　　　　3.　　Each party shall bear his/its own costs, including attorney's fees.

5.

 

_____
UNITED STATES DISTRICT JUDGE

Agreed:

| THE HAYBER LAW FIRM, LLC | LITTLER MENDELSON, P.C. |
|---|---|
| By: /s/ Richard E. Hayber<br>   Richard E. Hayber (CT11629)<br>   The Hayber Law Firm, LLC<br>   221 Main Street, Suite 502<br>   Hartford, CT 06106<br>   Telephone: 860-522-8888<br>   Facsimile: 860-218-9555<br>   rhayber@hayberlawfirm.com | By: /s/ Lori B. Alexander<br>   Lori B. Alexander (CT08970)<br>   Littler Mendelson, P.C.<br>   One Century Tower<br>   265 Church Street, Suite 300<br>   New Haven, CT 06510<br>   Telephone: 203-974-8700<br>   Facsimile: 203-974-8799<br>   Email: lalexander@littler.com<br><br>   Theresa M. Waugh (CT23559)<br>   Littler Mendelson, P.C. - FLA<br>   111 N. Magnolia Avenue Suite 1250<br>   Orlando, FL 32801<br>   Telephone:  407-393-2940<br>   Facsimile: 407-641-9462<br>   Email: twaugh@littler.com<br><br>   Thomas P. Murphy (pro hac vice)<br>   Ryan M. Bates (pro hac vice)<br>   Hunton & Williams, LLP<br>   1751 Pinnacle Drive, Suite 1700<br>   McLean, Virginia  22102<br>   Telephone:  (703) 714-7533<br>   Facsimile:  (703) 714-7410<br>   Email: tpmurphy@hunton.com<br>         rbates@hunton.com |

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Lori B. Alexander
Lori B. Alexander